Singh v. Garland

BIA
A201 109 127

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
>> *Chief Judge,*
> JOHN M. WALKER, JR.,
> ALISON J. NATHAN,
>> *Circuit Judges.*

_____

MANDEEP SINGH,
> *Petitioner,*

v.                                          20-2818
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Dalbir Singh, Dalbir Singh & Associates, New York, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant Attorney General; Song Park,

Senior Litigation Counsel; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Mandeep Singh, a native and citizen of India, seeks review of a July 30, 2020, BIA decision denying his motion to reopen. *In re Mandeep Singh,* No. A 201-109-127 (B.I.A. July 30, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings *sua sponte*. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also Chen v. Garland*, 43 F.4th 244, 252-53 (2d Cir. 2022). Although we may remand if the agency "declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), Singh has not demonstrated that the agency

2

misperceived the law.  Contrary to Singh's contention, it is not the agency's policy to reopen *sua sponte* when noncitizens with outstanding removal orders become eligible to adjust to lawful status.  *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("We emphasize that untimely motions to reopen to pursue an application for adjustment of status . . . will ordinarily be denied."); *see also In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship.").

For the foregoing reasons, the petition for review is DISMISSED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3